UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN DOES 1 – 10,

                              Plaintiffs,                      Case No. 21 Civ. 3409

   -against-

SUFFOLK COUNTY, New York,                   **COMPLAINT**

                             Defendant.
------------------------------------------------------X

Plaintiffs, by and through their attorneys, as and for their complaint state as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory and injunctive relief, compensatory damages to include presumed monetary damages in at least a nominal amount, costs, disbursements, and reasonable statutory attorney's fees pursuant to 42 U.S.C. §1988, for continuing and imminent irreparable harm to Plaintiffs and all similarly situated individuals in New York State arising from violations to their constitutional rights as protected by the Fourth, Fifth, and Fourteenth Amendments.

2. Defendant seeks to (i) arrest, charge, and prosecute Plaintiffs and other similarly situated individuals for their lawful possession of a firearm that was purchase lawfully through a federally licensed firearm dealer and (ii) permanently confiscate Plaintiffs' lawfully owned property and the property of all similarly situated individuals.

3. Plaintiffs face irreparable harm as a result of a policy and procedure enacted and implemented by Suffolk County, New York, its law enforcement officers, prosecutors and district attorney investigators, which (i) seeks the confiscation of Plaintiffs' Delta Level Defense CT4-2A Others Firearms ("CT4-2A"), which were legally purchased from an FFL in Suffolk County and

1

are legally owned by Plaintiffs and other similarly situated individuals throughout the State of New York and neighboring states; and (ii) mischaracterizes the CT4-2A as an unlawful firearm under Penal Law § 265.00, thus criminalizing the purchase, receipt, possession, and ownership of CT4-2A by Plaintiffs and other similarly-situated individuals in New York State.

4. The improper criminalization of the purchase, possession, and ownership of CT4-2A leaves Plaintiffs and other similarly situated individuals across the State violates the constitutional rights of Plaintiffs and all similarly situated individuals, and creates a substantial and imminent risk of irreparable harm to Plaintiffs who are under the imminent threat of being arrested and charged with a violent felony, criminal prosecution, mandatory incarceration in state prison, substantial monetary fines, forfeiture of their Second Amendment right to possess firearms, irreparable harm to their personal and professional reputation and the unjust deprivation of their property without due process or just compensation.

5. For certain Plaintiffs, the mere act of being arrested and/or charged with a violent felony will absolutely cause the loss of employment, loss of professional licenses, and loss of the ability to earn a living and provide for their families.

6. Plaintiffs desire to possess, use, and/or transfer their CT4-2A for lawful purposes including self-defense and target practice, but justifiably fearing prosecution if they do, Plaintiffs respectfully request that this Court: (1) declare that the CT4-2A does not fall within the New York State definition of "firearm", "pistol", "rifle", "shotgun" and/or "assault weapon" under Penal Law § 265.00.

7. This action further seeks a temporary and permanent injunction enjoining Defendant and all others receiving actual notice of the same from confiscating the CT4-2A and/or subjecting Plaintiffs and all similarly situated individuals to arrest and/or prosecution for the purchase, possession and/or ownership of the CT4-2A until such time as this litigation and all

related appeals have been exhausted; and, should the final disposition of this litigation and all related appeals conclude that the CT4-2A does, in fact, fall within the definition of "firearm", "pistol", "rifle", "shotgun", and/or "assault weapon" under Penal Law § 265.00, that Plaintiffs and all similarly situated individuals are afforded a 45-day grace period for the lawful transfer of their personal property to an FFL.

## JURISDICTION AND VENUE

8. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under of color of the laws, statutes, ordinances, regulations, customs, and usages of the State of New York, of rights, privileges or immunities secured by the United States Constitution.

9. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

11. Plaintiffs JOHN DOES 1 - 10 ("Plaintiffs") are United States citizens with a residence in Suffolk County, New York.

12. Defendant, SUFFOLK COUNTY, New York (hereinafter "Suffolk"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State. Defendant "Suffolk County" as identified herein encompasses Suffolk County law enforcement officers, prosecutors, and investigators employed by the county's district attorney's office.

## MATERIAL FACTS

13. Plaintiffs are identified herein as "JOHN DOE" because they are in fear of arrest, criminal prosecution, incarceration, and, *inter alia*, the confiscation of their lawfully acquired and owned CT4-2A Other Firearms.

14. Each Plaintiff is a resident of and/or has a residence in Suffolk County, New York.

15. Each Plaintiff purchased a CT4-2A from a federal firearm licensee ("FFL") at a gun store located in Suffolk County, New York.

16. Plaintiffs' purchases of the CT4-2A occurred between 7 months and 2 years ago.

17. No Plaintiff has been alleged to have misused or threatened the misuse of his CT4-2A.

18. At each purchase transaction, each Plaintiff completed ATF Form 4473 and underwent a federal background check through the National Instant Criminal Background Check System ("NICS").

19. Each Plaintiff was approved by NICS for the purchase of the CT4-2A.

20. Each Plaintiff has owned and possessed their respective CT4-2A in a lawful manner, without incident since its purchase.

21. Because of the policies and procedures of Suffolk County, as described below, Plaintiffs have been stripped of the use and enjoyment of their property, live in constant fear of being arrested and charged with a felony offense, incarcerated, subject to criminal and civil penalties and, *inter alia*, the forfeiture of their Second Amendment rights.

**SUFFOLK COUNTY POLICE AND DISTRICT ATTORNEY POLICIES**

22. The Suffolk County Police Department and the Suffolk County District Attorney's Office have implemented a policy and procedure that falsely identifies the CT4-2A Other as an "assault weapon", "firearm", "pistol" and/or "rifle" as defined by Penal Law § 265.00 and which endeavors to (i) confiscate and dispose of the CT4-2As lawfully owned by Plaintiffs and all similarly situated individuals and (ii) arrest, incarcerate, and prosecute, Plaintiffs and all similarly situated individuals for the purchase and possession of the CT4-2A.

23. Suffolk County's false criminalization of the CT4-2A has placed Plaintiffs and all other New Yorkers who have legally purchased and lawfully possess the CT4-2A in reasonable fear of being arrested, charged, and prosecuted for a violent felony offense.

24. Suffolk County's policy and procedure is unlawfully interfering with Plaintiffs' use and enjoyment of their property.

25. Suffolk County has offered no compensation for the confiscation of Plaintiffs' property.

26. By having a policy and procedure that falsely deems the CT4-2A Other to be a firearm, Suffolk County is violating Plaintiffs' constitutional rights by way of (i) an unlawful taking under the Fifth Amendment; (ii) a violation of Plaintiffs' Fourth Amendment rights; and (iii) a violation of Plaintiffs' Due Process rights under the Fourteenth Amendment.

27. Suffolk County is enforcing its own policies, not Penal Law § 265.00.

28. By unsigned letter dated May 20, 2021 (the "Letter"), the Suffolk County Police Department mailed a letter to hundreds of individuals who purchased CT4-2A Other Firearms from an FFL in Suffolk County, including Plaintiffs, which provided as follows:

> "The Suffolk County Police Department has recently conducted a criminal investigation and, as a result, is in receipt of information that you purchased a

5

> firearm from Jerry's Firearms and Supplies between November 2018 and November 2020. Based on the information received, the firearm that you purchased is **NOT** in compliance with the New York State Penal Law. As such, we are requesting that you present said firearm for inspection **and disposition** to the Suffolk County Police Department with in fifteen days of receipt of this letter.
>
> Please be advised that you will not be charged with any crime(s) related to the purchasing of this firearm, should you comply with this request and present the firearm to the Suffolk County Police Department, pursuant to this letter. Be further advised, however, that if you fail to present the weapon to the Suffolk County Police Department within the fifteen days allotted, you may be subject to arrest and criminal charges for your purchase and continued possession of said firearm.
>
> "To arrange for the inspection of the firearm(s), or if you have any questions regarding this request, please contact the Suffolk County Police Department at (631) 853-7958, Monday through Friday between the l1ours of 9:00 am to 5:00 pm.
> Thank you for your cooperation.
> Sincerely,
>
> Detective Lieutenant, C.O. 3410, DA Section Suffolk County Police Department
> 30 Yaphank Avenue, Yaphank, NY 11980."

29. The CT4-2A Other does not fall within the New York State or federal definitions of "pistol", "rifle", "shotgun" or "assault weapon".

30. Defendant's letter has placed Plaintiffs in reasonable fear of being arrested, charged, prosecuted for a violent felony offense and the confiscation loss disposal of their property.

31. Defendant's policy and procedure is unlawfully interfering with Plaintiffs' use and enjoyment of their property.

### The 4 Mandatory Features of the CT4-2A Other Firearm

32.     The CT4-2A is a semiautomatic gun that has the following characteristics:

- A "forearm brace";
- A vertical foregrip;
- A barrel length over 12 inches;
- A second, vertical foregrip; and
- An overall length in excess of 26 inches.

### The CT4-2A is Not a "Firearm" as Defined by the New York State Penal Law or Federal Law

33.     Penal Law § 265.00, *et seq.* criminalizes the possession of "firearms" in New York State.

34.     Penal Law § 265.00(3) defines a "firearm" as:

"(a) any pistol or revolver; or (b) a shotgun having one or more barrels less than eighteen inches in length; or (c) a rifle having one or more barrels less than sixteen inches in length; or (d) any weapon made from a shotgun or rifle whether by alteration, modification, or otherwise if such weapon as altered, modified, or otherwise has an overall length of less than twenty-six inches; or (e) an assault weapon. For the purpose of this subdivision the length of the barrel on a shotgun or rifle shall be determined by measuring the distance between the muzzle and the face of the bolt, breech, or breechlock when closed and when the shotgun or rifle is cocked; the overall length of a weapon made from a shotgun or rifle is the distance between the extreme ends of the weapon measured along a line parallel to the center line of the bore. Firearm does not include an antique firearm." § 265.00(3).

35.     Federal law defines "firearm" as:

"(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as

7

defined in section 921 of title 18, United States Code); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon." 26 U.S.C. § 5845 (a).

36. The CT4-2A is not a "firearm" as defined by Penal Law 265.00 (3).

37. The CT4-2A is not a "firearm" as defined by 26 U.S.C.§ 5845 (a).

38. The CT4-2A is not a "rifle".

39. The CT4-2A is not a "shotgun".

40. The CT4-2A is not a "pistol".

41. The CT4-2A is not "made from a shotgun or rifle".

42. The CT4-2A does not have "an overall length of less than twenty- six inches".

### The CT4-2A is Not a "Rifle" as Defined by the New York State Penal Law or Federal Law

43. Penal Law § 265.00 (11) defines a "rifle" as:

"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger." § 265.00(11).

44. Federal law defines a "rifle" as:

"a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger and shall include any such weapon which may be readily restored to fire a fixed cartridge." 26 U.S.C. § 5845.

45. The CT4-2A Other is not a "rifle" as defined by New York State or federal law.

46. The CT4-2A Other is not "designed or redesigned, made or remade, and intended to be fired from the shoulder."

47. The CT4-2A does not have a "shoulder stock/buttstock".

### The CT4-2A is Not a "Shotgun" as Defined by the New York State Penal Law or Federal Law

48. New York Penal Law defines a "shotgun" as:

> a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger." § 265.00 (12).

49. Federal law defines a "shotgun" as:

> "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder, and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger and shall include any such weapon which may be readily restored to fire a fixed shotgun shell.." 26 U.S.C. § 5845(d).

50. The CT4-2A is not a "shotgun" as defined by federal or New York State law.

51. The CT4-2A is not a weapon "designed or redesigned, made or remade, and intended to be fired from the shoulder."

52. The CT4-2A has a rifled barrel, not a smooth barrel like a shotgun.

9

...

...

## The CT4-2A is Not a "Pistol"
## as Defined by the New York State Penal Law or Federal Law

53. The CT4-2A is not a pistol, revolver, or any other handgun.

54. New York State does not have a definition for the term "pistol".

55. The normal, customary, and common definition of the term pistol is a "handgun", "a firearm designed to be held and fired with one hand."[1]

56. Under 18 U.S.C. 921(a)(29), a "handgun" is a "firearm with a short stack and is designed to be held and fired by the use of a single hand."

57. 27 C.F.R. 478.11 defines "pistol" as:

> "A weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand, and having (a) a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and (b) a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s)."

58. Pistols are made, designed, and intended to be held and fired with one hand.

59. The CT4-2A is not made, designed, or intended to be held and fired with one hand.

60. The CT4-2A is not made, designed, or intended to be fired with one hand as evidenced by the fact that the CT4-2A is specifically designed with a front vertical foregrip intended to be used by a second hand. Additionally, the overall weight of the CT4-2A, combined with the vertical foregrip creates a front-heavy imbalance, foreclosing any intention that it be fired with one-hand.

61. Pistols are made and designed for concealment.

---

[1] https://www.webster-dictionary.org/definition/Pistol

62. The CT4-2A is not made, intended, or capable of being concealed on the person because it has an overall length exceeding 26 inches.

63. The CT4-2A is not a pistol or revolver.

64. The CT4-2A is not an "AR pistol" because it has a vertical foregrip. The "AR pistol" is equipped with either a hand stop or an angled foregrip.

**The CT4-2A is Not an "Assault Weapon"**
**as Defined by the New York State Penal Law or Federal Law**

65. The CT4-2A is not an "assault weapon".

66. Penal Law § 265.00, *et seq.* criminalizes the possession of "assault weapons".

67. There are three types of "assault weapons" defined in the Penal Law: (i) semiautomatic rifles with certain characteristics; (ii) semiautomatic shotguns with certain characteristics; and (iii) semiautomatic pistols with certain characteristics.[2] § 265.00 (22).

68. The CT4-2A does not fall within the definition of "assault weapon" under Penal Law § 265.00 (22) because it is not a "rifle", "shotgun" or "pistol".

69. Because the CT4-2A is not a "rifle", "shotgun" or "pistol", it cannot be a "semiautomatic rifle with certain characteristics", a semiautomatic shotgun with certain characteristics" or a "semiautomatic pistol with certain characteristics."

---

[2] The term "semiautomatic" is defined as: "any repeating rifle, shotgun or pistol, regardless of barrel or overall length, which utilizes a portion of the energy of a firing cartridge or shell to extract the fired cartridge case or spent shell and chamber the next round, and which requires a separate pull of the trigger to fire each cartridge or shell." § 265.00(21).

11

**CT4-2A Other is Not "Any Other Weapon" As Defined by Federal Law**

70. The CT4-2A does not fit within the definition of "any other weapon" under 26 U.S.C. 5845 (e).

71. Under 26 U.S.C. § 5845 (e), "any other weapon" is defined as:

> "The term 'any other weapon' means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or a revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.

72. The CT4-2A is not "any other weapon" because, *inter alia*, it is not made, capable, or intended to be concealed, it has a rifled bore, it is not designed, made, or intended to be fired from the shoulder, and it has an overall length exceeding 26 inches.

*Fourth Amendment Violation*

73. The Fourth Amendment provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

74. Defendants' policy of criminalizing the possession and ownership of the CT4-2A Other Firearm, which was – and continues to be - lawfully purchased and possessed by Plaintiffs, violates the property rights of Plaintiffs and all similarly situated individuals.

75. Defendants' policy of criminalizing the possession and ownership of the CT4-2A Other Firearm, which was – and continues to be - lawfully purchased and possessed by Plaintiffs,

violates the right of Plaintiffs and all similarly situated individuals to be free from unreasonable seizures of their person.

### *Fifth Amendment Taking*

76. The Takings Clause of the Fifth Amendment provides "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

77. The Takings Clause applies against the states through the Fourteenth Amendment. *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005).

78. A regulation that "goes too far" by depriving the owner of its use or otherwise "interfering with legitimate property interests" requires just compensation. *Lingle*, 544 U.S. at 537-39.

79. Neither a physical appropriation nor a public use is a necessary component of a taking. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 326 (2002).

80. Defendant's policies and procedures deprive Plaintiffs and similarly situated individuals of the use and possession of their property.

81. Defendant's policies and procedures criminalizing Plaintiffs' possession of lawfully purchased and possessed CT4-2A constitutes a forced, uncompensated, and permanent physical dispossession of property by the police.

82. Suffolk County's demand under threat of criminal prosecution that Plaintiffs and similarly situated individuals "present" their CT4-2A Others for "disposition" constitutes an uncompensated "taking" under the Fifth Amendment.

*Due Process Violation*

83. The Due Process Clause of the Fourteenth Amendment provides that "No state shall … deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV.

84. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); see also, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (collecting cases). Thus, a statute that deprives an individual of life, liberty, or property without furthering "any legitimate governmental objective" violates the Due Process Clause. *Lingle*, 544 U.S. at 542.

85. Defendants' policies and procedures retroactively criminalize and deprive Plaintiffs of lawfully acquired guns in violation of the Due Process Clause.

86. Police policies and procedures that change the law retroactively - making conduct that was legal when undertaken now illegal - is especially likely to run afoul of the Due Process Clause. See *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 16-17 (1976); *E. Enterprs. v. Apfel*, 524 U.S. 498, 547-550 (1998) (Kennedy, J., concurring in part and dissenting in part). "If retroactive laws change the legal consequences of transactions long closed, the change can destroy the reasonable certainty and security which are the very objects of property ownership. Consequently, due process protection for property must be understood to incorporate our settled tradition against retroactive laws of great severity." *E. Enterprs.*, 524 U.S. at 548-49.

87. A regulation that deprives an owner of private property without a permissible justification violates the Due Process Clause regardless of whether it also violates the Takings Clause. See *Lingle*, 544 U.S. at 541-42; id. at 548-49 (Kennedy, J., concurring).

## AS AND FOR A FIRST CAUSE OF ACTION

88. Plaintiffs repeat and reallege as if set forth fully herein paragraphs 1 through 87.

89. Defendant's policies and procedures subject Plaintiffs to unlawful arrest and the unreasonable seizure of their person.

90. Under the theory that Defendant is liable to Plaintiffs for the violation of their Fourth Amendment rights under 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

91. Plaintiffs repeat and reallege as if set forth fully herein paragraphs 1 through 90.

92. Defendant's policies and procedures subject Plaintiffs to the unreasonable search of their homes and/or the unreasonable seizure of their property.

93. Under the theory that Defendant is liable to Plaintiffs for the violation of their Fourth Amendment rights under 42 U.S.C. § 1983.

## AS AND FOR A THIRD CAUSE OF ACTION

94. Plaintiffs repeat and reallege as if set forth fully herein paragraphs 1 through 93.

95. Defendant's policies and procedures subject Plaintiffs to the unjust taking of their private property without compensation.

96. Under the theory that Defendant is liable to Plaintiffs for the violation of their Fifth Amendment rights under 42 U.S.C. § 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

97. Plaintiffs repeat and reallege as if set forth fully herein paragraphs 1 through 96.

98. Defendant's policies and procedures subject Plaintiffs to seizure, arrest and the unjust taking of their private property without due process.

99. Under the theory that Defendant is liable to Plaintiffs for the violation of their Fourteenth Amendment rights under 42 U.S.C. § 1983.

### AS AND FOR A FIFTH CAUSE OF ACTION

100. Plaintiffs repeat and reallege as if set forth fully herein paragraphs 1 through 99.

101. Under the theory that, by creating, maintaining, enforcing, following, and/or applying the unconstitutional policies described herein, the County of Suffolk, New York is liable to the plaintiffs under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for violations of their constitutional rights as pled herein. 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against the defendant as follows:

• An Order preliminarily and permanently enjoining the defendant, its officers, agents, servants, employees, and all persons acting in concert with the defendants who receive actual notice of the injunction, from (i) from seizing, arresting, charging, and/or prosecuting Plaintiffs and all those similarly situated for their mere possession, lawful use, and/or purchase of the CT4-2A Other Firearm pursuant to any agency policy, procedure, and /or any provision of Penal Law § 265.00; and (ii) from confiscating, seizing, and/or interfering in any manner with Plaintiffs', and those similarly situated, mere possession, purchase, lawful use and/or ownership of the CT4-2A Other Firearm pursuant to any agency policy, procedure, and /or any provision of Penal Law § 265.00;

• A declaration that the Delta Level Defense CT4-2A Other Firearm is not a "firearm", "pistol", "rifle", "shotgun", or "assault weapon" as defined by Penal Law § 265.00, *et seq.*;

- Awarding every plaintiff compensatory and all other allowable damages in at least a nominal amount; and

- Reasonable statutory attorney's fees, costs, and disbursements, under 42 U.S.C. § 1988 and any other applicable law; and

- Grant such further and alternative relief as the Court deems just and proper.

Dated: June 16, 2021
Scarsdale, New York

THE BELLANTONI LAW FIRM, PLLC
*Attorneys for Plaintiffs*

_____/s/_____
Amy L. Bellantoni (AB3061)
2 Overhill Road, Suite 400
Scarsdale, New York 10583
abell@bellantoni-law.com
(914) 367-0090 (t)
(888) 763-9761 (f)