UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOHN DOES 1-10,

                          Plaintiffs,        **MEMORANDUM OF<br>DECISION AND ORDER**

  -against-

                                        CV 21-3409(GRB)

SUFFOLK COUNTY, New York,

                          Defendant.
----------------------------------------------------------X

**GARY R. BROWN, United States District Judge**

In sum and substance, this action, brought by a group of purported "John Doe" plaintiffs, seeks unthinkably broad injunctive and declaratory relief against the defendants. Docket Entry ("DE") 1. The plaintiffs are purchasers of a firearm, known as a Delta Level Defense CT4-2A, who have received letters from the Suffolk County Police Department stating that the firearm is not in compliance with New York law, and "requesting" that the firearm be presented for "inspection **and disposition**." *Id.* at ¶ 28 (emphasis in original). The letter also advises that "you will not be charged with any crime(s) related to the purchasing of this firearm, should you comply with this request and present the firearm to the Suffolk County Police Department." *Id.* At the same time, the letter states that, upon failure to comply with the request, "you may be subject to arrest and criminal charges for your purchase and continued possession of said firearm." *Id.*

The day after the complaint was filed, on June 17, 2021, plaintiffs' counsel filed a proposed "Order to Show Cause," by which counsel seeks an injunction preventing defendants from "seizing, arresting, charging, and/or prosecuting [p]laintiffs and all those similarly situated for their mere possession, use, and/or purchase of the Delta Level Defense CT4-2A," or seizing those

1

weapons pending disposition of the case. DE 2. In her declaration, however, counsel further seeks a temporary restraining order as well as preliminary injunctive relief. DE 2-1.

In a June 21 letter to the Court, counsel states that "[p]laintiffs' motion for a Temporary Restraining Order and Preliminary Injunction is pending," and "[n]o decision on [p]laintiffs' motion has yet been rendered." DE 7. This observation is incorrect, as the filing was not lodged as a motion on ECF and, more importantly, the application – as such – does not comport with the local rules of the District. *See* Local Civil Rule 7.1 (specifying requisites for "all motions" which include filing a "notice of motion, or an order to show cause signed by the Court").

The complaint is also procedurally defective, as plaintiffs proceeded anonymously without leave of court. "Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, '[t]he title of [a] complaint must name all the parties.' Fed. R. Civ. P. 10(a). This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008) (setting out factors and procedure to proceed anonymously). Here, putting aside the fact that plaintiffs failed to seek leave for this approach, plaintiffs' justification for doing so can best be described as threadbare. *See* DE 2-1 ¶ 4.("Plaintiffs are proceeding as 'John Does' because to disclose their identities will cause them to suffer immediate arrest and loss of their private property without just compensation and in the absence of due process."). No facts are offered in support of this proposition; indeed, if the complaint is to be believed, the police are already aware of their names, addresses and their purchase of the subject firearms, such that the invocation of anonymous proceedings means that only the Court and the public will be unaware of plaintiffs' identities, eliminating, without justification, the opportunity for public scrutiny.

While such procedural defects could be overlooked, the application suffers from more fundamental defects. Initially, to the extent this is framed as an application for a TRO, it entirely fails to comply with Fed. R. Civ. P. 65, which provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, neither element is present. No irreparable harm could come to plaintiffs prior to a hearing, and counsel has not certified any effort to notify Suffolk County of the action or the application. The only justification offered by counsel is circular and nonsensical. DE 2-1 ¶ 3. ("Plaintiffs are proceeding by Order to Show Cause rather than Notice of Motion because placing Suffolk County on notice of the pendency of this action will cause to cause irreparable harm in the nature of, *inter alia*, arrest, incarceration, permanent harm to plaintiffs' personal and professional reputations, financial harm."). The thought is, then, that Suffolk County, which is already aware of plaintiffs' names, addresses and possession of the aforementioned weapons, will proceed with arrests and prosecution because of the filing of this action. Counsel offers no facts to support this concern. Thus, the application is procedurally unsound.

Critically, on the facts and allegations presented, plaintiffs cannot demonstrate a likelihood of success on the merits, which is fatal to the application for preliminary injunctive relief. The injunctive relief sought here is well outside this Court's authority. Plaintiffs seek orders from this Court enjoining state authorities from investigation and prosecutions of the state penal law. As the Supreme Court held more than a century ago:

> the right to enjoin an individual, even though a state official, from commencing suits under circumstances already stated, does not include the power to restrain a court from acting in

3

> any case brought before it, either of a civil or criminal nature, nor does it include power to prevent any investigation or action by a grand jury. The latter body is part of the machinery of a criminal court, and an injunction against a state court would be a violation of the whole scheme of our government.

*Ex Parte Young*, 209 U.S. 123, 163(1908). This principle has remained vibrant in Supreme Court jurisprudence. As the Supreme Court has further observed:

> such a major continuing intrusion of the equitable power of the federal courts into the daily conduct of state criminal proceedings is in sharp conflict with the principles of equitable restraint which this Court has recognized . . . .

*O'Shea v. Littleton*, 414 U.S. 488, 502(1974). Congress has significantly curtailed federal court jurisdiction in this regard:

> So strongly has Congress weighted this factor of federalism in the case of a state criminal proceeding that it has enacted 28 U.S.C. § 2283 to actually deny to the district courts the authority to issue injunctions against such proceedings unless the proceedings come within narrowly specified exceptions. Even though an action brought under § 1983, as this was, is within those exceptions, *Mitchum v. Foster*, 407 U.S. 225, 92 S. Ct. 2151, 32 L.Ed.2d 705 (1972), the underlying notions of federalism which Congress has recognized in dealing with the relationships between federal and state courts still have weight. Where an injunction against a criminal proceeding is sought under § 1983, "the principles of equity, comity, and federalism" must nonetheless restrain a federal court. 407 U.S., at 243, 92 S. Ct., at 2162.

*Rizzo v. Goode*, 423 U.S. 362, 379 (1976).

The relief sought here also treads on separation of powers concerns, in that the judiciary generally cannot issue injunctions to "interfere with the free exercise of the discretionary powers of [prosecutors] in their control over criminal prosecutions." *In re Seizure of All Funds in Accts. in Names Registry Pub. Inc.*, 68 F.3d 577, 582 (2d Cir. 1995) (reversing injunction preventing government inquiry into suspected violations) (quoting *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301 (5th Cir.1987)). Worse yet, this case seeks a determination from this Court interpreting state criminal laws without the benefit of, and in anticipation of, potential interpretations by state courts in contemplated criminal proceedings. Plaintiffs would have this

Court usurp the functions of state judges and juries by declaring, in their words, "that the Delta Level Defense CT4-2A Other Firearm is not a 'firearm', 'pistol', 'rifle', 'shotgun', or 'assault weapon' as defined by Penal Law § 265.00." DE 1 at 16. It is difficult to imagine an act that could further offend the principles of comity.

Moreover, because the arrests and prosecutions imagined by plaintiffs fall squarely in the realm of the theoretical, the relief sought runs afoul of the advisory opinion prohibitions contained in the United States Constitution. *See Golden v. Zwickler*, 394 U.S. 103, 110(1969) ("No federal court, whether this Court or a district court, has 'jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.'"); *see also Vermont All. for Ethical Healthcare, Inc. v. Hoser*, 274 F. Supp. 3d 227, 236 (D. Vt. 2017) ("The courts are without authority to issue advisory opinions or decide purely hypothetical case[s] in which the projected harm may ultimately fail to occur."). Here, the plaintiffs merely speculate that they will be subject to prosecution; even if, as suggested, the police attempt some sort of action, no one can predict whether state judges would authorize arrest, seizure and search warrants and whether state grand juries would indict. Absent such certainty, plaintiffs lack standing to obtain anticipatory relief in this court. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 413–14 (2013) ("[E]ven if respondents could show that the Government will seek the Foreign Intelligence Surveillance Court's authorization to acquire the communications of respondents' foreign contacts under § 1881a, respondents can only speculate as to whether that court will authorize such surveillance. In the past, we have been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers will exercise their judgment.").

Taken together, these principles require dismissal of the instant action.

For all of these reasons, the application for a TRO and a Preliminary Injunction is DENIED and the action is DISMISSED. Plaintiffs are given leave to replead within 30 days, however, should plaintiffs opt to file an amended complaint, plaintiffs should pay careful attention to the issues raised herein.

**SO ORDERED.**

Dated: Central Islip, New York
June 25, 2021

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge