
July 28, 2021

Hon. Joanna Seybert, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *Wilson v. County of Suffolk*
CV21-3716 (JS) (SIL)

*Does v. County of Suffolk*
CV21- 3409 (GRB) (JMW)

Dear Judge Seybert:

The Suffolk County Attorney's Office represents defendant the County of Suffolk ("the County") in this action pursuant to 42 U.S.C § 1983 brought by plaintiff Ron Wilson ("Wilson"). The Court has scheduled a pre-motion conference for our proposed Rule 12 (b)(6) motion for August 19, 2021. We submit this letter to update the Court as to recent developments concerning Wilson and the claims he makes in this case.

As the Court is surely aware, it is the County's position that this case was filed in an attempt to circumvent the dismissal of "*Does*" *v. County of Suffolk*, CV21-3409 by Judge Brown. While Wilson contends that is not the case, his alleged situation has now been presented to the Court of Appeals for the Second Circuit in the "Does" appeal. The "Does" have made a second motion to the appellate court for a preliminary injunction (Exhibit A), their first motion having been denied without prejudice to renewal due to their failure to comply with Fed. R. App. P Rule 8 (a) (1). In the motion, they argue that their need for a stay is shown by Wilson supposedly having been "coerced under the threat of arrest and criminal charges to surrender his CT4-2As" to the Suffolk County Police Department (pp.7-8). Notwithstanding the claim of urgent need for a preliminary injunction made by both the "Does" and Wilson, (see pp. 3-4, docket entry no. 14), and despite two months having passed since the letters requesting inspection of the weapons were mailed, the motion does not identify even one single arrest for possession of the firearms. There have been no such arrests.

Further, prior to moving the Court of Appeals for the second time, and without notice to the County, on July 23, 2021, the "Does" moved for a stay and preliminary injunction before Judge Brown.[1] Judge Brown summarily denied their application, stating

> By what purports to be a letter motion, lacking any meaningful citation to authority or explanation, plaintiffs seek a stay of this Court's order pending appeal pursuant to Fed.R.App.P. 8. The order in question was an order dismissing the action without prejudice to repleading and denying an improperly-filed preliminary injunction application. As such, it is unclear the nature of the relief plaintiffs are seeking. "In considering whether to grant a stay of judgment pending appeal, a court will consider whether the petitioner is likely to prevail on the merits, whether the lack of a stay will irreparably injure the petitioner, whether issuing a stay will substantially injure the other party or parties, and whether the public interest tends toward granting or denying the stay." Liberty Mut. Ins. Co. v. Bankers Tr. Co., 769 F. Supp. 130, 131 (S.D.N.Y. 1991). Given these circumstances, plaintiffs cannot establish that the lack of a stay would cause irreparable injury, and the Court cannot assess the effect of a stay on any parties or on the public interest. Moreover, for the reasons set forth in the Order, it is the considered view of this Court that petitioner is unlikely to prevail on the merits.

Notably, although the County pointed out in our pre-motion letter that we have no way to know if Wilson is one of the unidentified "Does", Wilson has not disclosed whether or not he is one of the anonymous plaintiffs in that case.

Lastly, the "Does'" second motion to the Court of Appeals was also made without the pre-filing notice to this office required by the Second Circuit's Local Rule 27.1. Nevertheless, on their Motion Information Statement (p. 1, Exhibit A), the Does checked the box to represent that opposing counsel was notified. Because this letter mentions the filing of motions without notice in *Does*, we are filing a copy on the docket of that related case as well.

---

[1] This office did not receive a copy of the motion via the ECF since we did not appear in *Does* prior to its dismissal. However, counsel for the Does and Wilson was plainly aware that we represent the County as we appeared before the Second Circuit approximately 11 days before the motion was made. In any event, if counsel was under the impression that the County was unrepresented, she was obligated to give notice to the County directly.

LOCATION  
H. LEE DENNISON BLDG.  
100 VETERANS MEMORIAL HIGHWAY    ♦

MAILING ADDRESS  
P.O. BOX 6100  
HAUPPAUGE, NY  11788-0099    ♦

(631) 853-4049  
TELECOPIER (631) 853-5169

We thank the Court for its continuing time and attention to this matter.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

*/s/ Arlene S. Zwilling*
By:  Arlene S. Zwilling
Assistant County Attorney